## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

CARLYNE DESIR and
FLINT EDWARDS,

      Plaintiffs,

v.                                            Case No. 8:25-cv-1073-TPB-AAS

LOANCARE, LLC,

      Defendant.

_____/

## <u>ORDER GRANTING IN PART "DEFENDANT'S MOTION<br>TO DISMISS COMPLAINT WITH PREJUDICE"</u>

This matter is before the Court on "Defendant's Motion to Dismiss Complaint with Prejudice and Incorporated Memorandum of Law in Support Thereof." (Doc. 15). On June 30, 2025, Plaintiffs Flint Edwards and Carlyne Desir filed a response in opposition. (Doc. 16). After reviewing the motion, response, court file, and the record, the Court finds as follows:

Plaintiffs Flint Edwards and Carlyne Desir sue Defendant LoanCare, LLC for violations of the Fair Debt Collection Practices Act ("FDCPA"), the Florida Consumer Collection Practices Act ("FCCPA"), the Fair Credit Reporting Act ("FCRA"), defamation of character, and misrepresentation based on what they contend are Defendant's attempts to collect on an invalid or unlawful mortgage debt. Although rife with legal conclusions, the complaint reveals few operative facts.

Plaintiffs' complaint is a shotgun pleading.  A shotgun pleading is one where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" and the defendant therefore cannot be "expected to frame a responsive pleading." *See Anderson v. Dist. Bd. Of Trustees of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996).  The Eleventh Circuit has identified four primary types of shotgun pleadings:

> (1)    complaints containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;
>
> (2)    complaints that do not commit the mortal sin of re-alleging all preceding counts but are guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;
>
> (3)    complaints that commit the sin of not separating into a different count each cause of action or claim for relief; and
>
> (4)    complaints that assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which actions or omissions, or which of the defendants the claim is brought against.

*See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322-23 (11th Cir. 2015).

Plaintiffs' complaint "lacks factual allegations that would explain the context and basis" of their claims.  *See CNI Express, LLC v. BMO Harris Bank National Association*, 2023 WL 5758932, at *2 (M.D. Fla. Sept. 6, 2023).  In addition, "[t]he counts themselves are comprised of long, repetitive lists of vague, conclusory assertions of uncertain relevance to the claims being raised."  *See id*.  Ultimately,

"the factual and legal bases for Plaintiffs" claims are virtually impossible to understand" and "fail to give . . . adequate notice of the causes of action being asserted . . . ." *See id.* In an abundance of caution, the Court will grant an opportunity to amend, if Plaintiffs may do so in good faith.

The Court notes that the validity of a mortgage debt is typically not litigated in the context of an FDCPA or FCRA case. But the shotgun nature of the complaint makes it difficult to know if this is what Plaintiffs are attempting to do here, or if the issues concerning the mortgage are simply related to their debt collection claims. This point should be clarified in the amended complaint.

Although Plaintiffs appear to be familiar with the legal system, the Court will provide a warning should they choose to proceed *pro se*. **The Court notes that even *pro se* plaintiffs must conform with procedural rules, including the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. Litigation - particularly in federal court - is difficult, and Plaintiffs should consider hiring an attorney. If they are unable to afford counsel, they should consider the resources available to *pro se* litigants, including the Legal Information Program operated by the Tampa Bay Chapter of the Federal Bar Association, and the Middle District of Florida's guide to assist *pro se* litigants proceeding in federal court, which is located on the Court's website. The Court is unlikely to grant another opportunity to amend.**

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant's Motion to Dismiss Complaint with Prejudice and
   Incorporated Memorandum of Law in Support Thereof" (Doc. 15) is
   **GRANTED** to the extent that Plaintiffs' complaint (Doc. 12) is
   **DISMISSED WITHOUT PREJUDICE**, with leave to amend.

2. The motion is otherwise **DENIED WITHOUT PREJUDICE**.  Defendant
   may raise these arguments in future filings.

3. Plaintiffs are directed to file an amended complaint on or before August
   12, 2025.  Failure to file an amended complaint as directed will result in
   this Order becoming a final judgment.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 22nd day of
July, 2025.

TOM BARBER
UNITED STATES DISTRICT JUDGE