UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FLINT EDWARDS, et al.,          CASE NO:  8:25-CV-01073-TBP-AAS

    Plaintiffs,

v.

LOANCARE, LLC,

    Defendant.
_____/

### DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF

COMES NOW Defendant, LOANCARE, LLC ("LoanCare"), by and through its undersigned counsel, and pursuant to Rule 12, Federal Rules of Civil Procedure ("Rule(s)"), files this Motion to Dismiss Amended Complaint With Prejudice and Incorporated Memorandum of Law (the "Motion"), and in support thereof states as follows:

### PRELIMINARY STATEMENT

This action stems from a mortgage loan (the "Loan") given to Plaintiffs FLINT B. EDWARDS and CARLYNE DESIR ("Plaintiffs").  In the Amended Complaint (the "Complaint"), Plaintiffs shave roughly 700 paragraphs from the initial Complaint. However, the pleading deficiencies from the initial Complaint remain.  A careful study of the exhibits to the Complaint reveals that Plaintiffs are advancing no less than eleven bogus theories as to why the Loan is either fully paid or unenforceable.

Courts are regularly bombarded with cases such as these, where a *pro se* plaintiff seeks to avoid paying a debt, or to extinguish the debt, through a variety of frivolous tactics, ranging

from a "splitting-of-the-note" theory, where the failure to record an assignment supposedly renders a note unenforceable by a securitized trust, to borrowers claiming they are the creditors under the mortgage and thus it cannot be enforced against them. Or, like in the present case, borrowers claiming a note was fully paid upon the transfer by the loan originator, paid through private mortgage insurance, or discharged by virtue of LoanCare's silence in response to alleged agreements fabricated by Plaintiffs. The common thread in all such cases are borrowers seeking a free house. Plaintiffs in this case do not stop there; they take the scam further and are actually seeking damages from LoanCare in the process of trying to extinguish the debt.

Cases like the present case are a complete and utter waste valuable time and judicial resources, and they force loan servicers, such as LoanCare, to expend substantial funds in attorney's fees to dispose of frivolous cases such as this one. The aim of Plaintiffs is crystal clear. The Court need not spend more time than necessary and dismiss the Complaint with prejudice, as having been given leave to amend already, Plaintiffs cannot state a claim upon which relief can be granted, so further amendment would be futile.

## MEMORANDUM OF LAW

Plaintiffs' Complaint should be dismissed with prejudice pursuant to Rule 12(b)(6) because the underlying factual allegations cannot support any claims against LoanCare.

## RELEVANT FACTUAL ALLEGATIONS

On February 23, 2023, Plaintiffs executed and delivered a note in favor of Pulte Mortgage LLC (the "Note") and a mortgage secured by the subject property (the "Property") (the "Mortgage," and together with the Note, the "Loan"). Compl., Ex. B. The Note contains an allonge specially endorsed to "CD Legacy Trust," which was executed by "CARLYNE DESIRE AND FLINT B EDWARDS Trustees." *Id.*, Ex. B. Plaintiffs contend that after

execution of the Loan, the Note was bundled into a mortgage-backed security trust. Compl. ¶ 13. Plaintiffs claim that the Note is fully paid because it was "settled through securitization, insurance, or other means." Compl. ¶ 33. Because of these allegations, Plaintiffs claim that LoanCare engaged in unlawful collection practices, misreported the status of the Loan, and committed torts against them.

## ARGUMENT

The Complaint should be dismissed with prejudice because, based upon the factual allegations underpinning Plaintiffs' claims, they cannot state a cause of action upon which relief can be granted, so further amendment would be futile.[1]

### I.   Standard of Review.

"[T]he purpose of a motion under Federal Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief." *See* Wright & Miller, Federal Practice & Procedure § 1356 (2004). In reviewing and deciding a motion to dismiss pursuant to Rule 12(b)(6), generally "'[a] court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)). "[W]here [a] plaintiff refers to certain

---

[1] Plaintiffs have filed a number of other actions seeking similar relief against other creditors with respect to unrelated credit transactions. LoanCare filed a Notice of Related Case in the present case [D.E. 11], identifying two such actions, in addition to the present action, that are currently pending in this Court. Since then, undersigned has become aware of additional cases filed by one or both Plaintiffs. *See* ECF D.E. 25, *Desir v. Bank of Amer. N.A.*, No. 8:24-cv-02069-KKM-NHA (M.D. Fla. Nov. 27, 2024) (dismissing a similar complaint filed by Plaintiff Desir as a shotgun pleading); *Flint Edwards, et al. v. BMO Harris Bank N.A.*, No. 8:23-cv-1577-CEH-JSS, 2023 WL 5758932, at *1 (M.D. Fla. Sep. 6, 2023); *Desir v. Florida Capital Bank, N.A.*, 377 F. Supp. 3d 168, 174 (E.D.N.Y. 2019) (finding that Plaintiff Desir's "disorganized and incomprehensible" complaint did not satisfy federal pleading standards and asserts "nonsensical attacks" on the loan agreements). In these cases, Plaintiffs employed the same or similar tactics as those in the present case. It is clear that Plaintiffs are aware that their pleadings are not viable, yet they continue to pursue frivolous litigation.

documents in the complaint and those documents are central to the plaintiff's claim, then [a] [c]ourt may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." *Brooks*, 116 F.3d at 1369 (citation omitted).

In considering such pleadings and exhibits, the court must accept well-pled factual allegations as true and view the allegations in the light most favorable to the non-moving party. *Castro v. Sec'y of Homeland Sec.*, 472 F.3d 1334, 1336 (11th Cir. 2006); *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). However, "'labels and conclusions'" or "'a formulaic recitation of the elements of a cause of action'" that amount to "'naked assertions'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, "when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *N.P.V. Realty Corp. v. Nationwide Mut. Ins. Co.*, No. 8:11-CV-1121-T-17TBM, 2011 WL 4948542, at *3 (M.D. Fla. Oct. 17, 2011) (unpublished) (quoting *Crenshaw v. Lister,* 556 F.3d 1283, 1292 (11th Cir. 2009). "Where a plaintiff attaches documents and relies on the documents to form the basis for a claim or part of a claim, dismissal is appropriate if the document negates the claim." *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atl. Corp.*, 550 U.S. at 570). The pleading requirements announced in Rule 8 "demand[] more than [an] unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* A claim is facially plausible when the court can make a reasonable inference, based upon the facts pled, that an opposing party is liable for the alleged misconduct. *Id.* "In evaluating the

4

sufficiency of a plaintiff's pleadings, we make reasonable inferences in [a p]laintiff's favor, 'but we are not required to draw [the] plaintiff's inference.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (quoting *Aldana v. Del Monte Fresh Produce, N.A.,* 416 F.3d 1242, 1248 (11th Cir. 2005)). "Similarly, 'unwarranted deductions of fact' in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations." *Sinaltrainal*, 578 F.3d at 1260 (quoting *Aldana*, 416 F.3d at 1248 and citing *Iqbal*, 129 S. Ct. at 1951).

Dismissal of a complaint with prejudice is appropriate when amendment would be futile. *See Sharp v. Dolan*, No. 8:22-CV-2914-MSS-SPF, 2023 WL 4208618, at *2 (M.D. Fla. Apr. 27, 2023), report and recommendation adopted, No. 8:22-CV-2914-MSS-SPF, 2023 WL 4208502 (M.D. Fla. June 2, 2023) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.") (citation omitted); *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile.")).

## II.     Plaintiffs Have Failed to State a Claim Upon Which Relief can be Granted.

Here, Plaintiffs raise the following six claims: (i) Count I – Violations of the FDCPA; (ii) Count II – Violations of the FCCPA; (iii) Count III – Violations of the FCRA; (iv) Count

IV – Defamation of Character; (v) Count V - Misrepresentation; (vi) Count VI – Intentional Infliction of Emotional Distress.[2]

Plaintiffs have attempted to plead around the deficiencies of the initial Complaint, but they cannot escape the conclusion that the bases for their claims are not actionable. Initially, Plaintiffs do not deny executing the Note and Mortgage. However, they offer of number of theories why the Loan is "void ab initio." After the execution of the Note and Mortgage, they allege the Loan was "transferred or assigned to a securitized trust or third party investor without disclosure to Plaintiffs. No chain of title." Compl. ¶ 13. Plaintiffs further allege "the mortgage was securitized and sold to . . . [Freddie Mac], rendering LoanCare's collection efforts unauthorized." *Id.*, ¶ 14. The claim they sent "Dispute Letters" to LoanCare demanding it cease all collection efforts." *Id.*, ¶ 30. The Dispute Letters are attached to the Complaint as Exhibit F. Because of the foregoing, Plaintiffs claim LoanCare's "collection efforts constitute 'double dipping,' as the debt was already settled through securitization, insurance, and other means." *Id.*, ¶ 33.

---

[2] Plaintiffs' tort claims pertain to the administration and servicing of the Loan and thus can only stand as a breach of contract claim. To assert a tort claim, the "alleged duty cannot stem from a contractual relationship between the parties . . ." and "a plaintiff must demonstrate that 'the tort is independent of any breach of contract claim.'" *Moragon v. Ocwen Loan Servicing, LLC*, No. 617CV2028ORL40KRS, 2018 WL 8582447, at *2 (M.D. Fla. Apr. 18, 2018) (citing *Burdick v. Bank of Am.*, 99 F. Supp. 3d 1372, 1378 (S.D. Fla. 2015); *Tiara Condo. Ass'n Inc. v. Marsh & McLennan Co.*, 110 So. 3d 399, 408 (Fla. 2013)). Where the offending conduct pertains to the administration or servicing of a loan, the claim is in contract and not a tort action. *Id.* (citing *Rousseau v. Green Tree Servicing, LLC*, Case No. 14-62568-CV, 2015 WL 11197797, at *2 (S.D. Fla. May 7, 2015) ("[A] claim that a mortgage loan servicer has negligently serviced or administered a loan is an action in contract and not a tort action, as the duties the mortgage loan servicer has arises out of contract, from the framework of the loan agreement.")). Because the alleged conduct relates to the servicing or administration of the Loan, Plaintiffs' tort claims must be dismissed.

In the Dispute Letters attached to the Complaint, Plaintiffs peddle additional claims. First, Plaintiffs attach a "Discharge Fraudulent Mortgage." Plaintiffs claim that it recently came to their attention that the Loan "may be a fraudulent and unlawful transaction on the part of" Pulte. *Id.* at 82-83 (FN PAGE NUMBERING). In the "Discharge Fraudulent Mortgage," Plaintiffs made an offer to LoanCare: return all money Plaintiffs have spent on the Property, and in exchange, Plaintiffs will "walk away totally and completely" from the Property. *Id.* However—and here's the catch—if LoanCare did not respond within thirty days of that offer, "[LoanCare is] agreeing to offer mortgage satisfaction . . . ." *Id.* at 88. Notably, Plaintiffs warn that LoanCare's failure to respond to the "Discharge Fraudulent Mortgage" confirmed its "acquiescence" to the agreement. *Id.*

Plaintiffs also attach a "Notice in the Nature and Demand for Set-Off and Discharge Debt." In this letter, Plaintiffs claim that "money is not limited to legal tender under the U.C.C." *Id.* at 91. They further claim that they, as debtors, have a "right of setoff" because "each of the two parties owes the other determinable amounts"; the "reporting party" has the right to set off the amount owed with the amount owed by the other party"; "the reporting party intends to set off"; and the "right of setoff is enforceable by law." *Id.* at 93. Plaintiffs then assert that, "having no other means to pay debts at law," they were exercising their right to set off. *Id.* In this letter, Plaintiffs give LoanCare a mere three days to accept "this negotiable instrument," and they even include a fake endorsement executed by Plaintiffs at the bottom of the page.³ *Id.* at 93-94.

---

³ It also appears that Plaintiff fabricated the purported 1099-A (Acquisition or Abandonment of Secured Property) and 1099-C (Cancellation of Debt) IRS forms attached as Exhibit A to the Complaint. In those forms, Plaintiff designated themselves as the "Lender," and LoanCare as the "Borrower."

Next, Plaintiffs attach a "Bill of Exchange and Notice of Discharge." *Id.* at 95. In this letter, Plaintiffs claim that "notes are obligations and have no redeemable value in gold or silver coin, where the amount of tender or obligation is always zero." *Id.* They claim the bill of exchange is a "negotiable instrument," and the refusal to accept it, "is a discharge of debt." *Id.* This document also contains a fake endorsement executed by Carlyne Desir. *Id.* at 96.

Plaintiffs next attach correspondence dated April 7, 2025, in which they make a request to "apply funds held in cash collateral account, discharge and close account." *Id.* at 98. Plaintiffs wrote to LoanCare as a "living man and woman as equitable owners" of the Property. They claim that the Loan was required to be "collateralized with 100% cash" at the time of the Loan's origination. *Id.* They demand that the "full balance in the collateral account" be applied to the Loan as a "setoff and settlement" of the Mortgage. *Id.* They also seek the original Note "bearing [their] signature[s]" or "the full cash equivalent" of the Note and Mortgage "if either has been sold, monetized, transferred, pledged or securitized." *Id.* at 98-99.

Plaintiffs also attach correspondence dated April 3, 2025, in which they seek validation of the Loan and proof that the Loan is not "paid in full" and does not "reflect a zero balance." *Id.* at 102-03. Plaintiffs claim that if LoanCare does not respond within thirty days, LoanCare automatically agrees that, among other things, the Loan "has already been paid in full." *Id.* at 104.

Plaintiffs attach an "Affidavit of Truth and Facts . . . ," that reveals yet another theory of Plaintiffs as to why the Loan is allegedly not valid. In the affidavit, Plaintiffs admit they "executed and delivered to Pulte" the Note and Mortgage. *Id.* at 107. However, they claim that Pulte tampered with the Mortgage prior to recording it. *Id.* Specifically, they claim that Pulte "altered and tampered" with Plaintiffs' "signed mortgage security instruments." *Id.*, ¶

8

11. Plaintiffs allege that Pulte modified the Mortgage by "removing Carlyne Desir name and related information about Carlyne Desire after it has been signed and concluded by" Plaintiffs. *Id.*, ¶ 12. In other words, they admit they signed the Mortgage but claim the physical document was tampered with prior to recording.

In the affidavit, Plaintiffs also claim the debt was discharged because LoanCare did not object to the aforementioned documents:

> 28. LoanCare LLC and Lakeview Loan Servicing, LLC did not object to Flint Edwards or Carlyne Desir Discharge fraudulent mortgage dated April 7, 2023, BILL OF EXCHANGE AND NOTICE OF DEBT DISCHARGE dated April 27, 2023 and NOTICE IN THE NATURE AND DEMAND FOR SET-OFF dated May 12, 2023.

*Id.* at 108, ¶¶ 28-31. Plaintiffs go on to claim that Pulte did not give consideration for the Loan, so the Loan is invalid, and that it is Pulte that owes Plaintiffs money, "not the other way around." *Id.*, ¶ 40. Plaintiffs further claim that the Note and Mortgage exists only between Pulte and Plaintiffs, and no third party can enforce same. *Id.* at 110, ¶ 70. The affidavit gives LoanCare twenty-one days to take corrective action, or otherwise, LoanCare is deemed to have admitted the claims in the affidavit. *Id.*, ¶ 80.

To summarize, Plaintiffs claim the Loan does not exist for one or more of the following reasons: (i) the Loan was transferred to a securitized trust without disclosure to Plaintiffs; (ii) the Loan debt was satisfied through insurance payments; (iii) the debt was discharged due to LoanCare's failure to respond to a "Discharge Fraudulent Mortgage"; (iv) Plaintiffs have a legal right to a setoff because Pulte owes them money; (v) Plaintiffs claim the "Bill of Exchange" is a negotiable instrument accepted by LoanCare, thereby discharging the debt; (vi) certain funds in a "collateral account" supposedly established at Loan origination satisfied the debt; (vii) Plaintiffs are owed the face value of the Note if the Note or Mortgage has been sold, monetized, transferred, pledged, or securitized; (viii) LoanCare did not timely respond to their

correspondence dated April 3, 2025; (ix) Pulte altered the Mortgage after Plaintiffs signed it and removed Carlyne Desir from the document; (x) Plaintiffs did not receive consideration for the Mortgage; and (xi) the Note and Mortgage are contracts between Plaintiffs and Pulte and are not enforceable by third parties.

Turning to the Complaint, Plaintiffs allege that LoanCare is improperly attempting to collect money due under a loan that does not exist. They allege vague, non-specific reasons as to why the loan does not exist, but taking into consideration the exhibits to the Complaint, *see Castro*, 472 F.3d at 1336, it is readily apparent that Plaintiffs claim the Loan does not exist based on bogus theories concocted by Plaintiffs. *See Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009) (stating that "when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern").

Courts have addressed these types of bogus claims raised by borrowers and rejected them. Regarding the alleged deficiencies with the securitization process, in *Rhodes v. JPMorgan Chase Bank, N.A.*, the plaintiff asserted a quiet title claim, contending the defendant had transferred its interest in the loan and had been paid for same, that there was no assignment of mortgage recorded in the public records, that the loan had been bundled into a mortgage-backed security, and that the loan had not been transferred to the trust in compliance with the governing pooling and servicing agreement. 12-80368-CIV, 2012 WL 5411062, at *1-*3 (S.D. Fla. Nov. 6 2012) (unpublished). The defendant was identified as the servicer of the loan. *Id.* at *1. The court found the plaintiff lacked standing to contest the validity of a transfer or assignment of mortgage or assert a claim based on the defendant's failure to comply with the pooling and servicing agreement. *Id.* at *4. The court further found that securitization of the note did not deprive the defendant of any legal interest in the note, as servicer of the loan, or

10

cause the mortgage to be invalid. *Id.* The court noted the defendant had not commenced any legal action against the plaintiff. *Id.* The court concluded the plaintiff failed to state a quiet title claim and that "any amendment to the Complaint would be futile and unduly prejudicial to the Defendant." *Id.* <u>The case was dismissed with prejudice.</u> *Id.*

With respect to payment of the Loan through "mortgage insurance," in *Ritchie v. Onewest Bank, FSB*, the plaintiff claimed that the lender had "made a claim through its Mortgage Default Insurance policy for the outstanding balance of the loan, and that the insurer has paid off the entire promissory note in full," and that the loan was not properly transferred to a securitized trust. No. 5:12-CV-333-OC-10PRL, 2013 WL 12155517, at *3 (M.D. Fla. Apr. 17, 2013). The Court found that the plaintiff had failed to state a claim upon which relief could be granted. *Id.* at *5.

As to the claim that the Loan was paid off upon the transfer of the Loan to the securitized trust, in *Rhodes*, the plaintiff contended that the transfer of the note to resulted in the lender being "paid in full," thus relieving the plaintiff of his obligations. 2012 WL 5411062, at *2. The court held that such a transfer would not discharge the plaintiff's obligations even if the lender had been paid. Id. at *3 n.4 (citing Fla. Stat. § 673.3021). Moreover, in *Mazzota v. Citimortgage, Inc.*, the plaintiffs claimed that the note was paid off "by the multiple classes" of a securitized trust, thus releasing their obligations. The court rejected that claim, holding that "[t]he note ha[d] not be satisfied," and that "the transfer of a note, even for payment, does not discharge the borrower's obligation." No. 15-80012-CIV, 2016 WL 861364, at *2 (S.D. Fla. Mar. 4, 2016). Further, in *Mahan v. Suntrust Mortg., Inc.*, the plaintiff claimed that transfer by the lender of the note to Fannie Mae, and then to "multiple classes" of a securitized trust, rendered the note "paid in full." No. 5:14-CV-109-OC-10PRL,

11

2015 WL 3605105, at *6 (M.D. Fla. June 8, 2015). Similar to *Rhodes*, the Court in *Mahan* concluded that such a transfer did not relieve the plaintiff of his obligations to repay the note, even if the lender had received full value for its interest in the note due to the transfer.

As to the "Discharge of Fraudulent Mortgage," the "Bill of Exchange," and other documents attached to the Complaint, the court encountered similar fabricated documents in *Young v. PNC Bank, N.A.*, No. 3:16CV298/RV/EMT, 2018 WL 1251920, at *1 (N.D. Fla. Mar. 12, 2018). In *Young*,

> the plaintiff visited a PNC Bank branch with a two-page document purporting to be a "Promissory Note, Negotiable Security Instrument ...." While the document was mostly illegible and incoherent (doc. 24 at 12–13), one page bore the heading "Release of Mortgage and Note for 111 Mohawk Trail, Crestview, Florida," below which the following statement appeared: "Find enclosed negotiable security instrument ... regarding Final payoff, CASE NO. ****** 3101." A bank employee or manager, Lara Waters, signed the document as "Received/Accepted" by her on July 27, 2015. The plaintiff believed that this alleged "final payoff" and "accepted release" extinguished his debt and that he did not have to continue making mortgage payments.

*Id.* Similar to Plaintiffs, the plaintiff in *Young* claimed the bank had threatened foreclosure and "a bad credit rating with low credit scores" if the plaintiff did not make monthly payments until the loan was fully paid. *Id.* at *2. The court acknowledged the plaintiff self-described as a sovereign citizen and found the plaintiff's claims to be one of a number of litigation tactics used in the "Sovereign Citizen Movement" to extinguish debts. *Id.* The court dismissed the case as frivolous. *Id.* at *3.

Here, all six counts raised by Plaintiffs rest on the notion that the Note and Mortgage are unenforceable, either because the Loan was fully paid through the purported transfer of the Note into a securitized trust, or one of the other ten reasons set forth above. In other words, Plaintiffs allege that LoanCare engaged in unlawful collection practices; improperly reported the status of the Loan; defamed Plaintiffs; made misrepresentations regarding the status of the

12

Loan; and intentionally inflicted emotional distress, because the Note was supposedly paid in full and/or is unenforceable. In light of the foregoing authority, it is unquestionable that Plaintiffs cannot assert a viable cause of action premised on facts such as these. Consequently, the Complaint should be dismissed with prejudice, as further amendment would be futile. *See Cockrell*, 510 F.3d at 1310; *Bryant*, 252 F.3d at 1163.

## CONCLUSION

In accordance with the foregoing, Plaintiffs' Complaint should be dismissed pursuant to Rule 12(b)(6) because they filed a frivolous shotgun pleading, and dismissed with prejudice because that have no viable cause of action against LoanCare, so further amendment would be futile.

WHEREFORE, Defendant, LOANCARE, LLC, respectfully requests that this Court enter an Order dismissing the Complaint with prejudice, awarding LoanCare its attorney's fees and costs, and for such further relief this Court deems just and proper.

THIS, the 12th day of August, 2025.

**McGLINCHEY STAFFORD**

*/s/ William L. Grimsley*
William L. Grimsley
Florida Bar No. 0084226
10375 Centurion Parkway N., Suite 420
Jacksonville, FL 32256
Phone: (904) 224-4449 (Main)
Fax: (904) 485-8083
E-mail: wgrimsley@mcglinchey.com
E-mail: cgipson@mcglinchey.com
**ATTORNEY FOR LOANCARE, LLC**

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been furnished, electronically, through the CM/ECF system, which will send notification of such filing to all parties of record, and via the following manner, on this 12th day of September, 2025.

**VIA U.S. Mail and E-Mail**:
FLINT B. EDWARDS
CARLYNE DESIR
12935 Willow Gove Drive
Riverview FL 33579
cscaselitigation@gmail.com

                                            */s/ William L. Grimsley*
                                                     Attorney