KH 12265640 1.2

UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION

FLINT EDWARDS and CARLYNE DESIR,
Plaintiffs,

v. Case No.: 8:25-cv-1073-TPB-AAS

LOANCARE, LLC,
Defendant.
_________________________________/

**PLAINTIFF RESPONSE IN OPPOSITION TO MOTION TO DISMISS**

Plaintiffs Flint Edwards and Carlyne Desir, proceeding pro se, respectfully submit this response in opposition to Defendant LoanCare, LLC's ("Defendant" or "LoanCare") Motion to Dismiss the Amended Complaint with Prejudice (Doc. 22), filed on August 12, 2025. Plaintiffs request the Court's indulgence, as they are not trained in law, and their pleadings should be construed liberally under Haines v. Kerner, 404 U.S. 519 (1972), and Hall v. Bellmon, 935 F.2d 1106 (10th Cir. 1991). The Amended Complaint adequately states claims for relief, meets the pleading standards for relief under Federal Rules of Civil Procedure 8(a) and 9(b), and raises factual disputes that cannot be resolved at the motion to dismiss stage. Defendant's motion mischaracterizes the allegations and ignores specific factual details. The Court should deny the motion in its entirety.

PRELIMINARY STATEMENT Defendant's motion repeats arguments from its prior motion to dismiss the original complaint, dismissing Plaintiffs' claims as "frivolous tactics" and "bogus theories" without addressing the Amended Complaint's streamlined allegations and exhibits. The Amended Complaint alleges specific violations by LoanCare as servicer of the mortgage account #0064299217, including unlawful debt collection, inaccurate credit reporting, and tortious conduct, supported by exhibits such as mortgage statements, dispute letters, and credit reports. Plaintiffs dispute the debt's validity due to non-disclosure, fraud, securitization, violations of FDCPA, FCCPA and FCRA, which are factual issues requiring discovery, not dismissal. As pro se litigants, Plaintiffs are entitled to liberal construction, and the Amended Complaint meets the pleading standards under Fed. R. Civ. P. 8(a) and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).

**LEGAL STANDARD** A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the complaint, not the merits. The Court must accept all factual allegations as true and construe them in the light most favorable to Plaintiffs. Twombly, 550 U.S. at 555; Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint need only contain sufficient factual matter to state a claim plausible on its face. Id.

KH 12266340 1 3

Under Rule 12(b)(6), dismissal is appropriate only when the complaint fails to state a claim upon which relief can be granted. The Court must accept all factual allegations as true and construe them in the light most favorable to the plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). A claim is plausible when the facts alleged allow the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Pro se pleadings are held to a less stringent standard and must be liberally construed. Haines, 404 U.S. at 520.

**ARGUMENT**

**I. THE AMENDED COMPLAINT IS NOT A SHOTGUN PLEADING AND STATES PLAUSIBLE CLAIMS** Defendant argues the Amended Complaint fails to state a claim because the underlying allegations "cannot support any claims against LoanCare" (Motion at 3). However, the Amended Complaint has been streamlined from over 800 paragraphs to a clear structure with six counts, each incorporating relevant factual allegations and specifying violations. For example:

- Count I (FDCPA) allege LoanCare's failure to validate the debt after disputes (Am. Compl. 10–14, 19–22), false representations (29–33), and harassing tactics (80–83), violating 15 U.S.C. §§ 1692e, 1692g, 1692d, and 1692f.
- Count III (FCRA) details inaccurate reporting and failure to investigate disputes (Am. Compl. 14–18, 21–23), violating 15 U.S.C. § 1681s-2(b). These allegations, supported by exhibits (e.g., Ex. B: Dispute Letters; Ex. F: Credit Reports), provide sufficient notice and plausibility. The Amended Complaint is not a shotgun pleading, as each count clearly links facts to legal elements. See Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321 (11th Cir. 2015). Defendant's characterization ignores the specific harms, such as credit score drops from 800 to 500 and loan denials (Am. Compl. 15, 17).

**II. THE ALLEGATIONS ARE NOT "BOGUS THEORIES" BUT VALID DISPUTES REQUIRING DISCOVERY** Defendant dismisses Plaintiffs' allegations as "frivolous tactics" like "splitting-of-the-note" or sovereign citizen theories (Motion at 1–2). However, the Amended Complaint raises legitimate disputes about the debt's validity, including non-disclosure of securitization (Am. Compl. 13), fraud in origination (Constructive and Material Fraud) (6, 28), violations and LoanCare's unauthorized collection (10–12). These are factual issues, not frivolous claims, warranting discovery rather than dismissal. See Sprague v. Salisbury Bank & Tr. Co., 969 F.3d 95, 100 (2d Cir. 2020) (securitization disputes may require evidence). Plaintiffs' exhibits (e.g., Ex. A: MERS Search showing transfer to Freddie Mac) support these allegations, making dismissal inappropriate.

1. LoanCare and attorneys are filing a **bunch of lies as facts** and false statements just to get Flint Edwards and Carlyne Desir to wear down and surrender to fraud and Extortion. Plaintiffs Have Sufficiently Pleaded Each Cause of Action. The Amended Complaint sets forth specific factual allegations supporting each claim, including **lack of standing**, failure of consideration, concealment of material facts, fraud, and unjust enrichment.

KH 12266640 1.4

These allegations go well beyond conclusory statements and provide the who, what, when, where, and how of Defendant's wrongful conduct.

2. Defendant's Standing to Enforce the Alleged Debt is in Dispute. Plaintiffs allege that Defendant is not the holder, owner, or assignee of the alleged note or mortgage, and that no valid contract exists between Plaintiffs and Defendant. These allegations, taken as true, directly challenge Defendant's legal right to collect or enforce the debt, which is a threshold issue.

3. Fraud Allegations Meet Rule 9(b) Standards. The Amended Complaint identifies specific misrepresentations, violations, Fraud, and omissions by Defendant, the dates and nature of the communications, and the resulting harm to Plaintiffs. This satisfies Rule 9(b)'s heightened pleading requirement.

LoanCare LLC and attorneys made fraudulent statements and engaged in misconduct by trying to deceive Plaintiffs and the court with misrepresentation, non-disclosure, concealment, and suppression of material facts for improper gain (to win the case, steal the property and harm Plaintiffs). These actions fit the fraud, material breach, misrepresentation, or misconduct elements.

Loancare LLC and attorneys making false statements to the court about malicious prosecution foreclosure case, alleged mortgage debt, default, false account, false creditor, and breach of contract with Plaintiffs is misrepresentation and FRAUD. These actions are material to the judgment, as LoanCare, LLC and attorneys conduct directly affected the fairness and outcome of this court case and trials. LoanCare **lacks ADMISSIBLE EVIDENCE**. Intentional misrepresentation with malice, spite and ill will with opposing parties. LoanCare LLC and attorneys' actions of **false statements**, concealment, and suppression of material facts in this case will affect the judgment of this case and damaged the Plaintiffs.

4. Factual Disputes Preclude Dismissal at This Stage. Many of Defendant's arguments rely on disputed facts that cannot be resolved on a motion to dismiss. At this stage, Plaintiffs are entitled to have their allegations taken as true and to develop their claims through discovery.

**III. AMENDMENT WOULD NOT BE FUTILE** Defendant requests dismissal with prejudice, claiming futility (Motion at 3). However, pro se plaintiffs are entitled to at least one opportunity to amend, and further amendment here would clarify any deficiencies. Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). The core claims—unlawful collection, inaccurate reporting, and torts—are plausible and can be refined if needed.

1. Dismissal with Prejudice is Inappropriate. Even if the Court finds technical deficiencies, Plaintiffs should be granted leave to amend pursuant to Rule 15(a)(2).

KH 12266640 1 5

Federal courts favor resolving cases on their merits rather than through procedural defaults.

2. Related Case Notice Does Not Justify Dismissal. Defendant's Notice of Related Case (D.E. 11) identifies two other actions allegedly involving similar facts. However, the instant case was filed first, involves distinct legal claims, and arises from separate transactions and wrongful acts. The 'first-to-file' rule supports maintaining this case, not dismissing it. Furthermore, the parties are not identical, and the requested relief differs. Any coordination, if necessary, can be addressed through case management rather than dismissal.

**CONCLUSION** Plaintiffs asserts that the alleged Mortgage (Instrument # 2023087778, filed on 3/2/2023) by Pulte Mortgage LLC was a result of **Chapter 817 FRAUDULENT PRACTICES, SECTION 535**. Pulte Mortgage, LLC committed fraud by recording a tampered fraudulent mortgage with Hillsborough County Florida on March 2, 2023, making the **contract Null and void ab initio.** LoanCare have **No standing** to enforce the terms of the fraudulent mortgage. Plaintiffs have no valid contract with Defendant containing an enforceable mortgage debt. A material breach of contract refers to a court finding that a party failed to satisfy their obligations significantly enough to where the aggrieved party is entitled to a remedy. Any alleged assignment from Pulte Mortgage LLC to Defendant is disputed as fraudulent and void ab initio. Plaintiffs are entitled to damages in accordance with the law. For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant's Motion to Dismiss in entirety. In the alternative, Plaintiffs request leave to amend to cure any deficiencies identified by the Court.

Respectfully submitted,

/s/ Flint Edwards
FLINT EDWARDS
12935 Willow Grove Drive
Riverview, FL 33579
Email: cscaselitigation@gmail.com

/s/ Carlyne Desir
CARLYNE DESIR
12935 Willow Grove Drive
Riverview, FL 33579
Email: cscaselitigation@gmail.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing will be furnished via wgrimsley@mcglinchey.com to counsel of record this 19 day of August 2025.

KH 12266640 1 1c

Carlyne Desir
12935 Willow Grove Dr.
Riverview, FL 33579

USPS CERTIFIED MAIL

9214 8901 4298 0424 8816 68

0012266640000011
Sam M. Gibbons United States Courthouse
Clerk of court, 2ND FLOOR
801 North Florida Avenue
Tampa, FL 33602

# See Important Information Enclosed

CERTIFIED MAIL™

FIRST-CLASS MAIL
U.S. POSTAGE AND
FEES PAID
LETTERSTREAM

33602$3800 C038

SUSTAINABLE FORESTRY INITIATIVE
Certified Sourcing
www.sfiprogram.org
SFI-00411