UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLYNE DESIR and
FLINT EDWARDS,

    Plaintiffs,

v.                                        Case No. 8:25-cv-1073-TPB-AAS

LOANCARE, LLC,

    Defendant.
_____/

**ORDER DISMISSING AMENDED COMPLAINT**

This matter is before the Court *sua sponte*. After reviewing the amended complaint, court file, and the record, the Court finds as follows:

**Background**

Plaintiffs Flint Edwards and Carlyne Desir sue Defendant LoanCare, LLC for violations of the Fair Debt Collection Practices Act ("FDCPA"), the Florida Consumer Collection Practices Act ("FCCPA"), the Fair Credit Reporting Act ("FCRA"), defamation of character, misrepresentation, and intentional infliction of emotional distress based on what they contend are Defendant's attempts to collect on an invalid or unlawful mortgage debt. Although rife with legal conclusions, the complaint reveals few operative facts.

On July 22, 2025, the Court granted Defendant's motion to dismiss in part, dismissing Plaintiffs" complaint with prejudice but granting leave to amend. *See* (Doc. 20). On July 29, 2025, Plaintiffs filed an amended complaint. (Doc. 21). On August 12, 2025, Defendant filed another motion to dismiss, and Plaintiffs responded in

opposition on August 22, 2025. (Docs. 22; 23). The motion and response both appear to focus on issues that go beyond the four corners of the complaint and do not address facial pleading issues with the amended complaint.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

The amended complaint makes marginal improvements over the original complaint – after all, Plaintiffs shaved around 700 paragraphs off. However, pleading

deficiencies remain. Plaintiffs have failed to provide factual allegations to support their claims.

### *Counts I and II – FDCPA and FCCPA*

In Counts I and II, Plaintiffs allege that Defendant has violated the FDCPA and the FCCPA. Because the FCCPA is the state analog for the federal statute, both use similar framework for analyzing claims. *See Salter v. PHH Mortgage Corp.*, 2022 WL 393374 (S.D. Fla. Feb. 9, 2022).

"In order to prevail on an FDCPA claim, a plaintiff must prove that: '(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" *Bentley v. Bank of America, N.A.* (quoting *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1360-61 (S.D. Fla. 2000)). Importantly, "consumer's creditors, a mortgage servicing company, or an assignee of a debt are not considered 'debt collectors,' as long as the debt was not in default at the time it was assigned." *Reese v. JPMorgan Chase & Co.*, 686 F. Supp. 2d 1291, 1308 (S.D. Fla. 2009).

Plaintiffs generally allege that Defendant is a loan servicer and debt collector, but they do not allege *facts* to show that Defendant is a debt collector under the FDCPA and FCCPA. Further, Plaintiffs do not plead any facts to show that Defendant has engaged in an act or omission prohibited by the FDCPA or FCCPA. Plaintiffs present legal conclusions that the mortgage debt is invalid or unenforceable, but they do not present sufficient factual allegations that would support this conclusion. Significantly, Plaintiffs do not identify any unlawful debt collection

communications or practices from Defendant that violated either the FDCPA or FCCPA. Although Plaintiffs allege that Defendant violated the FCCPA by engaging in harassing conduct, they do not factually describe any harassing conduct whatsoever. If Plaintiffs experienced harassment, it should not be hard to describe at least something about what they contend took place. It may also be worth noting that the FDCPA has a one-year statute of limitations. *See* 15 U.S.C. § 1692k(d); *Bruce v. U.S. Bank Nat'l Ass'n,* 770 F.App'x 960, 965 (11th Cir. 2019). To the extent Plaintiffs may wish to complain about alleged misconduct that occurred before April 29, 2024, their claims would be barred.

Consequently, the Court find that Plaintiffs have failed to state any viable FDCPA or FCCPA claims. In an abundance of caution, the Court will grant one final opportunity to amend Counts I and II, if Plaintiffs may do so in good faith.

*Count III – FCRA*

In their FCRA claim, it appears that Plaintiffs allege Defendant reported false information to the credit bureaus, which would implicate § 1681s-2(a) of the FCRA, which prohibits furnishers of credit information from providing false information. However, the statutory provision does not grant private parties the right to sue. *See* 15 U.S.C. § 1681s-2(c).

The FCRA also requires furnishers of credit information to investigate the accuracy of said information upon receiving notice of a dispute. 15 U.S.C. § 1681s-(2)(b). This section, which can be enforced through a private right of action, permits a suit only if the furnisher received notice of the consumer's dispute from a credit reporting agency ("CRA"). Plaintiffs have not alleged that Defendant received the

requisite notice from CRAs that Plaintiffs disputed their account; instead, Plaintiffs appear to allege only that they themselves sent direct disputes to Defendant. If that is the case, Plaintiff would not be able to pursue an FCRA claim.

Consequently, the Court finds that Plaintiffs have failed to state an FCRA claim, and Count III is dismissed. In an abundance of caution, the Court will grant one final opportunity to amend, if Plaintiffs may do so in good faith.

*Count IV – Defamation*

In Count IV, Plaintiffs assert a defamation claim based on Defendants' reporting of allegedly false information to the credit bureaus. Absent evidence that Defendant acted with malice or willful intent, the FCRA preempts their claim. *See Stroud v. Bank of America*, 886 F. Supp. 2d 1308, 1317 (S.D. Fla. 2012). Plaintiffs fail to factually allege or point to any evidence that Defendant acted with malice or willful intent.

Consequently, the Court finds that Plaintiffs have failed to state a defamation claim. In an abundance of caution, the Court will grant one final opportunity to amend, if Plaintiffs may do so in good faith. Plaintiffs are reminded that they cannot simply allege malice or willful conduct in a conclusory fashion; rather, they must provide sufficient factual material that would show malice or willful conduct.

*Count V – Misrepresentation*

In Count V, it is not clear whether Plaintiffs are proceeding under a negligent misrepresentation theory or intentional misrepresentation theory. "A fraudulent misrepresentation claim under Florida law has four elements: '(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is

false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation.'" *In re Harris*, 3 F.4th 1339, 1349 (11th Cir. 2021). "Under Florida law, a negligent misrepresentation claim does not require the defendant's knowledge that the misrepresentation was false. A plaintiff can prevail on a lesser showing—that the defendant made the misrepresentation 'without knowledge of its truth or falsity' or that the defendant 'should have known the representation was false.'" *Id.* at 1350 (11th Cir. 2021).

Both claims have different elements, but each requires heightened particularity under rule 9(b) because misrepresentation sounds in fraud. *See McGee v. JP Morgan Chase Bank, NA,* 520 F. App'x 829, 831 (11th Cir. 2013); *SIG, Inc. v. AT & T Digital Life, Inc.*, 971 F. Supp. 2d 1178, 1196 (S.D. Fla. 2013*); Linville v. Ginn Real Estate Co.*, 697 F. Supp. 2d 1302, 1306 (M.D. Fla. 2010). Plaintiffs must therefore set forth "(1) precisely what statements or omissions were made in which documents or oral representations; (2) the time and place of each statement and the person responsible for making (or in the case of omissions, not making) them; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendant obtained as a consequence of the fraud." *See SIG, Inc.*, 971 F. Supp. 2d at 1196 (citing *McGee*, 520 F. App'x at 831).

Plaintiffs have failed to sufficiently allege either an intentional misrepresentation claim or a negligent misrepresentation claim, so Count V is dismissed. In an abundance of caution, the Court will grant one final opportunity to amend, if Plaintiffs may do so in good faith.

*Count VI – Intentional Infliction of Emotional Distress*

"To state a valid claim for intentional infliction of emotional distress under Florida law, a plaintiff must plausibly allege the following elements: '(1) the defendant's conduct was intentional or reckless; (2) the conduct was outrageous, beyond all bounds of decency, and odious and utterly intolerable in a civilized community; (3) the conduct caused emotional distress; and (4) the emotional distress was severe.'" *Plowright v. Miami Dade County*, 102 F.4th 1358, 1368 (11th Cir. 2024) (quoting *Moore v. Pederson*, 806 F.3d 1036, 1053 (11th Cir. 2015)). "In Florida, '[w]hether conduct is outrageous enough to support a claim of intentional infliction of emotional distress is a question of law' to be decided by the courts at the earliest opportunity, 'not a question of fact' for the jury. *Id.* (quoting *Liberty Mut. Ins. Co. v. Steadman*, 968 So. 2d 592, 595 (Fla. 2d DCA 2007)).

Plaintiffs' allegations – that Defendant has threatened to foreclose despite knowing the debt is disputed, provided false credit reporting, and failed to secure Plaintiffs' personal information during a July 2023 data breach – do not establish the requisite outrageousness or severity to support a claim for intentional infliction of emotional distress. *See Kin Chun Chung v. JPMorgan Chase Bank*, N.A., 975 F. Supp. 2d 1333, 1250 (N.D. Ga. 2013) (concluding that mishandling of the servicing of a loan does not go "beyond all reasonable bound of decency as to be utterly intolerable in a civilized community"). This claim is dismissed with prejudice, without leave to amend.

## Conclusion

The Court notes that based on the amended complaint, the motion to dismiss, and the response in opposition, it appears that both Plaintiffs and Defendant wish to

litigate the validity and enforceability of the underlying mortgage and note. To be frank, it does not appear that this type of issue is dispositive as to FDCPA claims, FCCPA claims, or FCRA claims, which are frequently filed based on valid and legitimate debts. Moreover, litigating this type of issue would appear better suited for summary judgment, if at all. At this stage of the proceedings, the Court prefers to focus on the pleading sufficiency of the amended complaint.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Counts I, II, III, IV, and V of Plaintiffs' amended complaint (Doc. 21) are **DISMISSED WITHOUT PREJUDICE**, with leave to amend.

2. Count VI is **DISMISSED WITH PREJUDICE**, without leave to amend.

3. Plaintiffs are directed to file a second amended complaint on or before September 19, 2025. Failure to do so will result in this Order becoming a final judgment.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 29th day of August, 2025.

TOM BARBER
UNITED STATES DISTRICT JUDGE