UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLYNE DESIR and
FLINT EDWARDS,

    Plaintiffs,

v.                                        Case No. 8:25-cv-1073-TPB-AAS

LOANCARE, LLC, et al.,

    Defendants.
_____/

## ORDER *SUA SPONTE* STAYING CASE AND DENYING WITHOUT PREJUDICE DEFENDANTS' MOTIONS TO DISMISS

This matter is before the Court *sua sponte* and on Defendants LoanCare, LLC's and Lakeview Loan Servicing, LLC's motions to dismiss. (Docs. 32; 39). After reviewing the second amended complaint, motions, responses in opposition, notice of supplemental authority, court file, and the record, the Court finds as follows:

### Background

On February 27, 2023, Plaintiffs Flint Edwards and Carlyne Desir executed and delivered a note and mortgage. Apparently, they have not made a mortgage payment since before October 1, 2024. A foreclosure proceeding has been pending against them in state court since August 7, 2025.

In the instant suit, Plaintiffs have brought this federal action against Defendants LoanCare, LLC and Lakeview Loan Servicing, LLC for alleged violations of the Fair Debt Collection Practices Act ("FDCPA") (Count I), the Florida Consumer Collection Practices Act ("FCCPA") (Count II), the Fair Credit Reporting Act ("FCRA") (Count III), for defamation (Count IV), and for negligent misrepresentation (Count V). Each of the

claims is based on what Plaintiffs contend are Defendants' attempts to collect on an invalid or unlawful mortgage debt.

On July 22, 2025, the Court granted Defendant's motion to dismiss in part, dismissing Plaintiffs' complaint with prejudice but granting leave to amend. *See* (Doc. 20). On July 29, 2025, Plaintiffs filed an amended complaint. (Doc. 21). On August 12, 2025, Defendant filed another motion to dismiss, and Plaintiffs responded in opposition on August 22, 2025. (Docs. 22; 23). The Court *sua sponte* dismissed the amended complaint because both the motion and response focused on issues going beyond the four corners of the complaint and did not address the facial pleading issues of the amended complaint. (Doc. 24). Plaintiffs filed their second amended complaint on September 12, 2025, which Defendants have again moved to dismiss. (Docs. 26; 32; 39). Plaintiffs have responded in opposition, and they filed a "notice of supplemental authority."[1] (Docs. 35; 40; 41).

## Analysis

Federal courts generally have an obligation to exercise the jurisdiction given to them. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Thus, the abstention from the exercise of jurisdiction is the exception, rather than the rule. *See id.* at 813; *Taveras v. Bank of America*, 89 F.4th 1279, 1285 (11th Cir. 2024). Nevertheless, in limited circumstances, federal courts may decline to hear cases that would otherwise fall within their jurisdiction – for instance, a district court may dismiss or stay "a federal suit in favor of a concurrent state-court action if 'exceptional

---

[1] The "notice of supplemental authority" pertains to "evidence" that Plaintiffs discovered through Freddie Mac's official consumer portal, which they contend "destroys Lakeview's standing in the parallel state foreclosure action (Case No. 25-C-007637) and proves fraud. . ."

circumstances' merit abstention and deference to the state court action would promote 'wise judicial administration.'" *Loughran v. Wells Fargo Bank, N.A.*, 2 F.4th 640, 646 (7th Cir. 2021) (quoting *Colorado River*, 424 U.S. at 813, 818); *see also Taveras*, 89 F.4th at 1286 ("In limited and exceptional circumstances, certain principles of 'wise judicial administration' do permit district courts to 'dismiss a federal suit due to the presence of a concurrent state proceeding.'").

To determine whether *Colorado River* abstention is appropriate, courts first ask whether the concurrent state and federal actions are parallel – that is, whether the federal and state cases "involve substantially the same parties and substantially the same issues." *See id.* at 1286 (quoting *Ambrosia Coal and Const. Co. v. Pages Morales*, 368 F.3d 1320, 1330 (11th Cir. 2004)). Importantly, the parties and issues do not have to be completely identical. *Id.*

If the proceedings involve substantially similar parties and issues, the court must then weigh six factors when determining whether to abstain: "(1) whether one of the courts has assumed jurisdiction over the property, (2) the convenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the for a obtained jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy of the state court to protect the parties' rights." *Id.* In addition, courts may consider "the vexatious or reactive nature of either the federal or the state litigation as part of their abstention inquiry." *Id.* (internal quotation omitted). "No single factor is determinative. . ." *Id.*

Each of Plaintiffs' claims in the instant case rest upon the validity or invalidity of the note and mortgage. That same note and mortgage are presently the subject of a state

court foreclosure action pending in the Circuit Court for the 13th Judicial Circuit in and for Hillsborough County, Florida. *See Lakeview Loan Servicing, LLC v. Carlyne Desir*, No. 25-CA-007637 (Fla. 13th Cir. Ct. 2025). In fact, it appears that the parties are fiercely litigating the state court action, and a hearing has been set on November 24, 2025, to address a number of time-sensitive motions.

As to the instant case, the issues and parties are substantially similar though not identical. The claims in both the federal and state cases hinge upon the validity or invalidity of the note and mortgage, and Plaintiffs' claims in the federal lawsuit entirely depend upon what are Defendants' attempts to collect what is an allegedly unlawful debt. Although LoanCare, LLC is not a party to the state court action, it appears that its interests are similar to Lakeview's interests in enforcing the note and mortgage. As such, the Court concludes that the state court proceeding is a parallel proceeding that may warrant abstention.

The Court therefore turns to the *Colorado River* abstention factors. The state court assumed jurisdiction over the subject property when the state court foreclosure case began; the federal case has not assumed jurisdiction over the property. This factor weighs in favor of abstention. *See Taveras*, 89 F.4th at 1287 (explaining that first factor weighs in favor of abstention when parallel proceeding is a state foreclosure case).

The state and federal fora appear equally convenient in terms of physical location as both cases are litigated in Tampa, Florida, just streets apart. This factor is neutral. *See id.* at 1288 (concluding that district court did not abuse discretion in finding that second *Colorado River* factor did not weigh for or against abstention because the federal and state courts were both located in Central Florida and therefore equally convenient).

Considering the potential for piecemeal litigation, although the claims in the federal and state cases are not identical, inconsistent rulings regarding the note and mortgage could create turmoil. Due to the nature of Plaintiffs' claims – which, again, all hinge on the validity or invalidity of the note and mortgage – the federal case simply cannot be resolved without making legal conclusions that would directly affect the property over which the state court has jurisdiction. And importantly, if the state court determines that the note and mortgage are valid and that the property is subject to foreclosure, Plaintiffs will have no basis to pursue their claims in either forum. The state court action therefore has the ability to resolve all claims. This factor weighs heavily in favor of abstention. *See id*. at 1287 (concluding that district court did not abuse its discretion in finding that third *Colorado River* factor favored abstention where inconsistent rulings between federal and state courts could create turmoil, and the state court action had the potential to resolve all claims).

As to the timing in which the courts obtained jurisdiction, the Court acknowledges that the federal case was filed prior to the state court case.[2] But even though the federal case was filed first, the state court action is at a much more advanced stage of the proceedings, with pending motions for summary judgment filed by the parties. The federal case is at the initial pleading stage, and no discovery has occurred. This factor weighs in favor of abstention. *See id*. at 1287-88 (concluding that district court did not abuse its discretion as to fourth *Colorado River* factor when it found that relative progress of each case weighed in favor of abstention).

---

[2] The fact that the federal suit was filed first appears to be the result of a vexatious strategy by Plaintiffs to circumvent the forthcoming state court foreclosure action. *See Taveras*, 89 F.4th at 1288 (explaining that vexatious nature of litigation may provide additional support for abstention).

As to the consideration of whether state or federal law applies, the answer appears to be mixed. Plaintiffs assert both federal consumer claims (which would generally apply federal law) and state law claims (which apply state law) against Defendants. But due to the nature of Plaintiffs' claims, even the federal claims would require application of state law because the claims hinge on the validity or invalidity of the note and mortgage. This factor weighs slightly in favor of abstention, even if both courts are capable of adjudicating the claims. *See id.* at 1288 (concluding that district court did not abuse its discretion in determining that fifth *Colorado River* factor weighed slightly in favor of abstention because Florida state law governed majority of the plaintiffs' claims but acknowledging that this factor should carry little weight when state law claims are not novel or complex and both courts can adjudicate the claims).

As to the final factor, it "will only weigh in favor or against abstention when one of the fora is inadequate to protect a party's rights." *Id.* at 1288 (quoting *Ambrosia Coal*, 368 F.3d at 1334). Neither forum is inadequate, so this factor is neutral. *See id.* at 1288 (concluding that district court did not abuse its discretion in determining that neither forum was inadequate to protect the parties' rights).

Consequently, the Court concludes that the first, third, fourth, and fifth factors weigh in favor of abstention, and the second and sixth factors do not weigh against abstention. Plaintiffs' claims in the federal suit are inextricably connected to the property and the note and mortgage at issue in the state foreclosure case. The Court will therefore abstain from exercising jurisdiction, and the instant action will be stayed during the pendency of the state court foreclosure action.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. This action is **STAYED** pending resolution of the concurrent and parallel state court foreclosure proceeding.  Any party seeking to reopen the case must file a motion to do so no later than fourteen days after the final resolution of the state court foreclosure proceeding.  Failure to timely file a motion may result in the dismissal of this case without further notice.

2. Defendants' motions to dismiss (Doc. 32) and (Doc. 39) are **DENIED WITHOUT PREJUDICE**.  If this case is reopened following the conclusion of the state court proceedings, Defendants may refile these motions, if appropriate.

3. The Clerk is directed to terminate all pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>12th</u> day of November, 2025.

                                                                                    _____
                                                                                    TOM BARBER
                                                                                    UNITED STATES DISTRICT JUDGE